151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth J. SZARNYCH, Plaintiff-Appellant,
v.
THEIS-GORSKI FUNERAL HOME, INCORPORATED, an Illinois
corporation not in good standing, Raymond K. Theis
and Michael R. Gorski, Defendants-Appellees.
 No. 97-3069.
 United States Court of Appeals, Seventh Circuit.
 Argued May 14, 1998.
Decided June 4, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 1880, William T. Hart, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, Hon. WILLIAM J. BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Kenneth J. Szarnych is a licensed embalmer/funeral director. He sued the defendant THEIS-GORSKI FUNERAL HOME, which is located on Pulaski Road in Chicago, Illinois, for overtime wages pursuant to the Maximum Hours provision of the Fair Labor Standards Act (29 U.S.C. § 207(a)) and the union contract to which the funeral home was a signatory. After a three-day trial, plaintiff received a jury verdict for $3,071 in back overtime wages. However, the district court granted judgment to defendant on the ground that plaintiff was a bona fide "professional" employee who was "employed in an administrative capacity" and therefore exempt from overtime wages.
 
 
 2
 In its Memorandum Opinion the district court accepted defendant's version that plaintiff was employed as a funeral director to operate the funeral home in the lengthy absences of operators Raymond K. Theis and Michael R. Gorski. During such times plaintiff was the sole licensed embalmer and funeral director. As an embalmer, he exercised independent judgment and discretion. He performed 110 embalmings and conducted most of the funerals in 1995. There was testimony that other funeral homes operating under the same union contract had salaried managers or embalmers/funeral directors who received compensation time rather than overtime wages. In his Opinion, Judge Hart concluded that plaintiff was an exempt professional employee because his work required consistent exercise of discretion and judgment and specialized knowledge in his field, citing 29 Code of Federal Regulations § 541.3 which defines professional employees exempt from overtime.[1]
 
 
 3
 The district court also relied on a comparable New Jersey case holding that a defendant funeral home was not liable for failing to pay overtime where, as here, it proved that the trainee was a professional employee. New Jersey v. Frech Funeral Home, 185 N.J.Super. 385, 448 A.2d 1037 (N.J.Super.L.1982). Here the district court concluded that plaintiff was an exempt professional employee because he "achieved the highest state license level, was the only licensed funeral director and embalmer at the funeral home, was authorized to and did conduct all aspects of the funeral business and was frequently solely in charge of the funeral home due to his employer's absence." The judgment in favor of defendants was warranted in view of these factors.
 
 
 4
 Judgment affirmed.
 
 
 
 [1]
 A bona fide "professional" employee is defined as "any employee:
 (a) Whose primary duty consists of the performance of:
 (1) Work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes; ... AND [emphasis added]
 (b) Whose work requires the consistent exercise of discretion and judgment in its performance; AND [emphasis added]
 (c) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; AND [emphasis added]
 (d) Who does not devote more than 20 percent of his hours worked in the workweek to activities which are not an essential part of and necessarily incident to the work described in paragraphs (1) through (3) above." 29 CFR Ch. V, § 541.3.